## GENERAL COURT, MAY TERM, 1802.

### KIRWAN vs. LATOUR.

TROVER to recover damages for 48 vats and covers, stills, worms, buckets, &c. It appeared in evidence on the trial, that a house and lot belonging to the plaintiff, had been taken under a *fieri facias* and sold, that the defendant was the purchaser, and the sheriff, by deed, conveyed to him the house and lot therein described, *with the improvements.* This house was built for a distillery, and the implements necessary to carry on the business were on the premises at the time of the sale.

*An action may be maintained in the name of an insolvent debtor, unless there is a trustee appointed who has accepted the trust, and to whom a deed has been executed. As to what things are considered fixtures to the freehold, and what may be removed by a tenant, and what by a vendor.*

1. *Hollingsworth*, for the defendant, objected to this action being sustained in the name of *John Kirwan*, the present plaintiff. He stated that on the 3d of January 1800, an act of assembly passed for the re-

May 1802

Kirwan
vs
Latour

lief of sundry insolvent debtors, in which the plaintiff's name was included, who on the 11th of January 1800, filed his petition in the office of the court of chancery praying to be admitted to the benefit of the said law, annexed to his petition was a schedule of his property, and among other property therein enumerated, are "*a still-house and apparatus, and utensils for carrying on a distillery.*" That the person of the plaintiff was released by the chancellor on the 13th of February 1802, and *John Coulter* was appointed his trustee. That by the 8*th section* of the said act of insolvency, the trustee may sue for, in his own name, and recover, any property or debts assigned to him by any debtor in virtue of the said law. That the writ in this cause issued on the 13th of September 1800, after the plaintiff had been included in, and had applied for the benefit of the said law.

He prayed the court to direct the jury, that the plaintiff can only support an action for damages *for the use of the property to the 3d of January* 1800, and that for the *value* of the property an action can only be supported in the name of the trustee.

*Harper,* for the plaintiff, contended, that as no deed had been made to the trustee, the plaintiff may sustain the action; and that there was no evidence even of the acceptance of the trust by the trustee.

CHASE, Ch. J. The legal right to the property remains in the plaintiff until there is an acceptance of the trust by the trustee, and a deed of assignment executed by the insolvent debtor, transferring all his property to his trustee. The person of the plaintiff is discharged, but he is still liable to be sued, and execution may go against his person and property.

As to what things are considered fixtures to the freehold, and what may be removed by a tenant, and what by a vendor. 2. *Hollingsworth* then moved the court to direct the jury, that the apparatus and utensils for carrying on a distillery were fixtures annexed to the freehold, and passed by the sheriff's sale and deed to the defendant. That as the defendant had purchased the still-house, the fixtures passed by the sale, as the sheriff's deed describes it as a lot of land, &c. "*with the improvements thereon.*"

MAY 1802

Kirwan
vs
Latour

*Harper* contended, that whatever is part of the implements of a trade may be removed, and are not fixed to the freehold, and are always so considered between landlord and tenant. He cited 1 *Atk.* 477, to shew what pa..ses with the freehold.

CHASE, Ch. J. The question arises upon the operation of the schedule annexed to the *fieri facias,* and the sheriff's deed. It must be considered as a case between vendor and vendee, the sheriff standing in the place of vendor, and selling his right. In this case every thing passed which was annexed to the freehold. If the deed had been for the conveyance of the house and lot only, without mentioning *the improvements,* it would have carried all things fixed to the freehold. The case of vendor and vendee is different from that of landlord and tenant. In the latter case the law allows the tenant to remove many things which may be considered as fixed. This is for the benefit of trade; and where a tenant puts up any thing for the purpose of carring on his trade, he may remove it. The pumps, cisterns, iron grating, and door, distillery and horse mills, passed by this deed, but not the joists, vats, buckets, pickets and fossits, which are not fixed to the freehold. The Ch. J. cited *Esp.* 358, 359. *Salk.* 368. *Bull. N. P.* 34.

*Verdict* for the plaintiff, and damages assessed to 418*l* 17*s* 6*d* current money, Judgment on the verdict.