NEW YORK,
October, 1816.

JACKSON
v.
VROOMAN

JACKSON, *ex dem.* SMITH, *against* VROOMAN.

*Where land was conveyed, and the grantee entered into possession, and afterwards proceedings were had in partition, in relation to the same premises, to which the grantee was not a party, and the premises were sold by commissioners appointed by the court, and conveyed by them to the purchaser; it was held that the first grantee was not precluded, by the proceedings in partition, from controverting the right of the subsequent purchaser, and that his possession being adverse, the deed from the commissioners' was void.*

THIS was an action of ejectment, brought to recover part of Lot No. 196., in *Klock and Nellis's* patent, situate in the town of *Palatine,* in the county of *Montgomery.* The cause was tried before Mr. Justice *Yates,* at the *Montgomery* circuit, in *August,* 1815.

The plaintiff claimed under proceedings and judgment in partition, in the court of common pleas of the county of *Montgomery,* under which the premises in question were sold by commissioners appointed by the order of the court, who conveyed the same to the lessor of the plaintiff, by deed, dated the 19th *January,* 1814. The defendant claimed under a conveyance of lot No. 107., from *George Ten Eyck* to himself, dated the 7th *April,* 1810, and proved that the premises in question were comprehended within the boundaries of that deed,; that he took possession under that deed, in about a month after its execution, and had since continued in possession. The judge decided, that the possession of the defendant being adverse, the deed to the lessor of the plaintiff was void, and the jury accordingly found a verdict for the defendant.

The plaintiff now moved for a new trial, and the cause was submitted to the court without argument.

*Per Curiam.* The premises in question are claimed as being a part of lot No. 106., in *Klock & Nellis's* patent, and the lessor of the plaintiff makes title to the same, under proceedings in partition, by which it appears, that lot No. 107. was ordered to be sold, and a deed was given for it by the commissioners, bearing date the 19th of *January,* 1814. No part of the proceedings are particularly set out. But it is not pretended that the defendant was a party to those proceedings; and he claims title to the same premises, under a deed from *George Ten Eyck,* bearing date the 17th of *April,* 1810, by which the premises in question are described as lot No. 107., in the subdivision of the patent, and are further described by metes and bounds, so as to include the premises in question; it also appears, that soon after the deed was given, the de-

fendant entered into possession of the premises, and has conti-
nued in possession ever since. The deed given by the commis-
sioners is conclusive only upon all the owners named in the pro-
ceedings, or who have received the notice required by the act,
(1 *N. R. L.* 510. s. 5.,) and those claiming under such persons.
But, from any thing that appears, the defendant is a total stran-
ger to such proceedings, and is protected under the proviso to
the third section of the act, which declares, that such partition
shall not preclude any person not named therein, and who shall
claim any right or title to the premises in question, from contro-
verting the title or interest of the parties between whom such
partition has been made. The testimony shows, very clearly,
that the premises were held adversely by the defendant at the
time of the sale by the commissioners, and their deed, of course,
could not pass any title. The verdict found by the jury for
the defendant was correct, and the motion for a new trial must
be denied.

<div align="right">Motion denied.</div>