Cohen v. Kyler.

———————

COHEN, Respondent, v. KYLER, Appellant.

COHEN, Plaintiff in Error, v. KYLER, Defendant in Error.

1. An action for use and occupation can not be maintained unless the relation of landlord and tenant exists between the parties founded on an agreement express or implied.

2. A bathing tub and lead water pipes fastened to the walls and floor of a building by nailing are fixtures as between a vendor and vendee.

*Appeal from, and Error to, St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*Krum & Harding*, for Kyler, cited Woodf. Land. & Tenant, 432, 607; 3 Mo. 286; 1 Term, 378.

*H. N. Hart*, for Cohen.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff brought an action against the defendant for the use and occupation of a dwelling house, and for damages, alleging that the defendant wrongfully took down and carried away fixtures that belonged to the plaintiff, to-wit: " Sundry lead pipes and plumbing work, bath tub, two sinks and waste pipe." It appears from the bill of exceptions that the defendant, for the purpose of securing the payment of a debt, executed a deed of trust conveying a lot and dwelling house in the city of St. Louis, and authorized the trustee, in the event of a failure to pay the debt, to sell the property. Default having been made in the payment of the debt, the trustee, pursuant to the terms of the deed, advertised and sold the premises described in the deed on the 12th of November, 1856, and the plaintiff became the purchaser and received a deed. The defendant was in the occupation of the house at the time of the sale, and remained in possession for more than two months against the plaintiff's consent. " It was admitted that the defendant never attorned to the plaintiff or agreed to pay rent to him for said premises. The plaintiff also proved that after the said sale of said premises to plaintiff and while defendant occupied the same he unfastened, broke loose, removed and carried away from said premises certain lead water-pipes and a bathing tub, which pipes before and at the time the defendant removed them were fastened to boards, and the boards with the pipes fastened to them were nailed to the walls, and the bathing tub in like manner was fastened to the wall and floor."

Two questions arose on the trial, first, whether the plaintiff

was entitled to recover on the count for use and occupation, and, secondly, whether the articles removed by the defendant were fixtures which belonged to the plaintiff and which the defendant had no right to take away. The court ruled the first point against the plaintiff, to which he excepted, and sued out a writ of error. The other point was decided against the defendant, and he has brought the case into this court by appeal.

It is sometimes difficult to determine whether the facts of a case create a tenancy, but we are relieved from that embarrassment in this instance by the admission in the record that the defendant never recognized the plaintiff as his landlord, and never agreed to pay him rent for the premises. Without this admission, however, the character of the defendant's possession is so apparent that the relations of the parties to each other do not necessarily suggest a tenancy, and a promise to pay rent would not be implied. The doctrine is well settled that the action for use and occupation can not be maintained unless the relation of landlord and tenant subsists between the parties founded on an agreement express or implied. (Hood v. Mathis, 21 Mo. 308; Bancroft v. Wardwell, 13 John. 488.)

As a general rule an article is a *fixture* which is annexed or fastened to a freehold, but the term is not always used in the same sense; for the same thing which would be a fixture and not removable, as between some persons holding a particular relation to each other, would not be a fixture as between other persons. Public policy at an early day induced a relaxation of the old rule, for the encouragement of trade and manufactures, and the indulgence has been extended in favor of agricultural pursuits, and at this day a wide latitude is allowed in all cases between landlord and tenant in favor of the claims of the latter to treat as personal chattels articles put up for his own comfort or convenience. Lord Ellenborough decided in the leading case of Elner v. Maul, 3 East, 38, that as between heir and executor the rule obtains with the utmost rigor in favor of the inheritance and against

the right to dis-annex therefrom, and to consider as a personal chattel any thing which has been affixed thereto; and the same rule exists between vendor and vendee; so that unless there is a stipulation to the contrary common fixtures will pass by the deed to the purchaser. (Plumb v. Miller, 6 Cow. 665; Kirman v. Latour, 1 Har. & J. 289; Preston v. Briggs, 16 Verm. 124; 1 Sug. Vend. 37.)

The necessary pipes for conducting water through the apartments of a dwelling house and into a bath-room add greatly to the value, comfort and convenience of the building, and a purchaser who appreciated such things would be sadly disappointed after he had received his deed to find the house stripped of such fixtures. In our opinion the articles taken away by the defendant were fixtures which passed by the deed to the vendee, and the other judges concurring the judgment will be affirmed.