FELIX HUTTON, Defendant in Error, v. HENRY POWERS, Plaintiff in Error.

*Practice—Landlord and Tenant—Tenant in common.*—No action for the use and occupation of lands can be brought, except where the relation of landlord and tenant exists. One tenant in common cannot sue his co-tenant for use and occupation, unless there be a tenancy by agreement.

### Error to Benton Circuit Court.

Felix Hutton filed his petition in the Benton Circuit Court, averring in effect that in the lifetime of one Edward H. Powers, he was joint owner with him of certain lands mentioned, situated in that county, and to which there was attached a ferry privilege ; that Edward H. Powers died in 1856, leaving a will by which he devised all his interest in said land to Benjamin F. Powers, Henry Powers, and Beverly Powers, jointly; that Henry Powers conjointly with Benjamin F. Powers and Beverly Powers, during their natural lives, used and enjoyed plaintiff's interest in said lands; that since the death of Benj. F. Powers, and Beverly Powers, defendant Henry Powers has used and enjoyed plaintiff's interest in the land

and privileges ; that the yearly rent or value of the use and occupation of said lands is five hundred dollars ; that defendant Henry Powers owes him nine hundred dollars for the quarter part interest. He also states he is the entire owner of another tract containing five acres adjoining the ferry, and that defendant Henry Powers has used and enjoyed a part of it as an auxiliary to the ferry for two and a half years, for which he is indebted to plaintiff for the further sum of seventy-five dollars, making the sum of nine hundred and seventy-five dollars, for which he asks judgment.

Defendant filed a demurrer. There is a defect of parties defendant, it appearing on the face of the petition that the legal representatives of the said Benj. F. Powers and Beverly Powers should have been made parties defendant. 2. Several causes of action have been improperly united. 3. The petition does not state facts sufficient to constitute a cause of action. It does not appear by said petition that the relation of landlord and tenant ever existed between plaintiff and defendant, nor does it appear that there was ever any renting between them, or any promise on the part of defendant to pay said demand or any part thereof.

The demurrer was overruled by the court.

*F. P. Wright*, for plaintiff in error.

I. The action for use and occupation cannot be maintained unless the relation of landlord and tenant exists between the parties founded on an agreement ; such is the common law as well as the statute. There must be some agreement, though the same may not be by deed—R. C. 1855, tit. Landlord aud Tenant, § 16; Cohen v. Kyler, 27 Mo. 122; Hood v. Mathis, 21 Mo. 308 ; O'Fallon, Adm'r, v. Boismenu, 3 Mo. 286; Bancroft v. Wardwell, 13 Johns. 488; Featherstonehaugh, Adm'r, v. Bradshaw, 1 Wend. 136; Rogers v. Wiggs, 12 B. Mon. 504; 2 Taunt. 146.

II. The petition does not show that Hutton ever had possession of any part of the premises ; and the common law rule is, that an action for use and occupation cannot be sup-

ported where the possession is adverse, and the relation of landlord and tenant has never subsisted between the parties; but plaintiff must declare in ejectment or trespass—1 Chit. Pl. 107.

III. There is a defect of parties defendant. . Plaintiff claims for the use and occupation of the premises while occupied by Edward H. Powers, the ancestor ; also while occupied by Benj. F. and Beverly Powers. There is no averment authorizing a recovery against defendant on account of the liabilities of the others. If there has been any liability averred, then the legal representatives of these others are necessary parties—R. C. 1855, p. 1218, §§ 4 & 5, Art. II. Prac. Act.

IV. The petition unites alleged causes of action against defendant alone with an alleged cause against others. The petition does not state sufficient facts to sustain the old action of account—15 Mo. 392; R. C. 1855, p. 1013, § 16; Cohen v. Kyler, 27 Mo. 122; Hood v. Mathis, 21 Mo. 308; 3 Mo. 286; Bancroft v. Wardell, 13 Johns. 488; 1 Wend. 134; 1 Chit. Pl. 107; 12 B. Mon. 504; 2 Taunt. 146.

*Phelps*, for defendant in error.

I. Hutton sued the defendant Powers for his (Powers') one fourth of the rents and profits of the land and ferry privileges mentioned in the petition. He sues for what this defendant individually owes, and not for what may have been owing by the brothers of the defendant. One joint tenant may sue his co-tenant for rents and profits if the co-tenants can be shown to have exclusively occupied the premises, and which is a question of fact for a jury.

II. It is not perceived that several causes of action have been united in the petition. The land adjacent to the ferry was the property of Hutton, and its occupancy by Powers was incident to, and cotemporary with, the use of the ferry. It is one and the same cause.

III. In a case like this, is it necessary that the relation of landlord and tenant should exist? Is it necessary that Pow-

ers should have recognized Hutton as his landlord? If A. & B. are the joint owners of a house and lot worth $1,000 per annum rent; A. goes abroad leaving the house occupied by C., and, after the departure of A., C. leaves the house, and it is occupied by B., for his own business, for five years; will it be contended that A. has no remedy for his share of the rents and profits? Cannot A. sue B. for his share of the rents?

IV. It was not necessary to allege a contract in writing. Lands may be leased by parol—Kerr v. Clark, 19 Mo. 132. Occupancy on the one part, and ownership with right to possession, is sufficient to authorize a suit for rents and profits.

V. From the record of this case, it appears the judgment was for the right party, and it ought therefore to be affirmed even though there might be errors against Powers—Crocker v. Mann, 3 Mo. 472.

HOLMES, Judge, delivered the opinion of the court.

In this case there was judgment upon demurrer to the petition. The main ground of the demurrer was that the petition did not contain a good cause of action. It appears to proceed on the idea that the defendant was liable to the plaintiff as for use and occupation of the real estate therein described, in which the plaintiff alleges that he was "joint owner," to the extent of one undivided fourth part, with the other defendants; and from the facts stated, it may be gathered that they held possession of the premises as tenants in common. There are no sufficient averments in the petition that the relation of landlord and tenant ever existed between the parties, by agreement or otherwise. It is well settled that the action for use and occupation cannot be maintained in such case—Cohen v. Kyler, 27 Mo. 124. Nor is this petition framed in such manner as to show that the plaintiff is entitled to an account from his co-tenants of rents and profits received by them as tenants in common. The plaintiff will have leave to amend his petition.

Judgment reversed and cause remanded. Judge Wagner concurs; Judge Lovelace absent.