——o——

W. A. CURRY, Defendant in Error, vs. FRANK SCHMIDT, Plaintiff in Error.

1. *Conveyances—Real estate—Fixtures—Temporary removal.*—A conveyance of real estate carries with it the fixtures attached to the property and those which have been removed merely for a temporary purpose.
2. *Mortgages and deeds of trust—Fixtures, erection of—Sale—Whose property.*—If a mortgagor erects improvements on, or attaches fixtures to, the mortgaged premises, they become the property of the mortgagee for the payment of his debt; and if the property is sold under the mortgage or deed of trust they become the property of the purchaser.
3. *Mortgages and deeds of trust—Fire—Removal of fixtures—Sale.*—After certain real estate was conveyed by deed of trust, a fire occurred, which burned down the improvements, and some of the fixtures were removed. Afterwards the trustee sold the property under a deed of trust, describing it in his deed as in the deed to him. *Held*, that by such sale, no intention to the contrary appearing, the removed fixtures were not sold; that the trustee might have sold these fixtures as personal property, but had no right to sell them merely by selling the ruined premises.

*Error to Cole Circuit Court.*

*Ewards & Son, and Lay & Belch*, for Plaintiff in Error.

I. These fixtures had been severed from the building, and were no longer attached to it, when it was sold under the deed

of trust. The purchaser only bought what was in the building at the time of the sale, unless it was represented at the sale, and so understood by the purchaser, that these former fixtures should pass by the sale. There was no evidence to that effect. (Scott vs. Shy, 53 Mo., 478.)

*Ewing & Smith,* for Defendant in Error.

I. Where fixtures are detached from a building, to which they belonged as a constituent part thereof, for temporary purposes, they will pass under a general grant of the premises. These fixtures passed to Curry under the deeds from Schmidt to the trustee and the trustee to him, Curry. (3 Washb. Real Prop. [3d Ed.], 338 ; Farrar vs. Stackpole, 6 Me., 154 ; Shep. Touch., 90 · 2 Hil. Mort. ⌐3d Ed.⌐, 351, 352 ; Butler vs. Page, 7 Met., 40.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of replevin for what had been fixtures in a hotel building in Jefferson City, Missouri, consumed by fire. The plaintiff claimed title to these fixtures, by virtue of a sale under a deed of trust existing on the lot and building at the time of the fire.

The deed of trust had been given more than a year before the fire occurred, and had been executed by the defendant to secure certain debts which he owed. The property was burnt on the first day of March, 1871 ; and during the progress of the fire, the fixtures in dispute were removed from the building and carried to another lot, and held by the defendant in his possession till the commencement of this suit.

In April, 1871, the trustee sold the real estate with the ruins as they stood on the premises, and the plaintiff purchased the same, and took a deed therefor from the trustees, describing the property bought as it had been described in the deed of trust ; and under this deed he claimed title to the fixtures which had been removed during the fire. The proceeds of the sale under the trust deed paid the debts and left a surplus, which was paid over to the defendant. The only question, raised by the record and discussed here, is, whether the sale of the

property in its ruined condition carried with it the fixtures in dispute. The Circuit Court refused instructions, asked by the defendant, raising this question, and decided for the plaintiff.

There can be no question at all about the general proposition, that the conveyance of real estate conveys with it all the fixtures that are attached to the property, or which may have been removed merely for a temporary purpose. (3d Washb. Real Prop., 338.)

So if a mortgagor erects improvements or attaches fixtures to the mortgaged premises, they become the property of the mortgagee for the payment of his debt. (Butler vs. Page, 7 Met., 40.) And, if at the time of a sale under a deed of trust, the fixtures are attached, they pass by the sale, and, if removed after the sale and before a deed is made, replevin will lie by the purchasee. (Sands vs. Pfeiffer, 10 Cal., 258; Cohen vs. Kyler, 27 Mo., 122.)

The question here is not, whether the trustee, or beneficiaries in the trust, could have reached the fixtures thus detached, if necessary for the payment of the debts; but whether the title to the fixtures passed simply by a sale of the ruined premises.

There is nothing in the case to show that such was the intention of the parties. In my judgment, the trustee could have sold the fixtures as personal property; but he had no right to sell them merely by selling the ruined premises.

In the condition that the premises were in, and as they stood upon the ground when sold, those fixtures formed no part of the realty. Under this view the court erred in refusing the defendant's instructions, and also in rejecting testimony raising the same questions.

The judgment will therefore be reversed, and the cause remanded. The other judges concur.