WM. H. HILL, Respondent, v. WM. M. GWINN, Appellant.

No. 3790; July 28, 1875.

**Mortgage Foreclosure—Fixtures.—A Sheriff's Deed on Foreclosure Relates Back** to the delivery of the mortgage and things fixed to the mortgaged premises by the mortgagor during the interval pass with that deed.

**Appeal—Questions Raised for First Time.—An** objection that the notice of motion for a new trial and the supporting statement came too late to be available cannot be raised for the first time on appeal.

J. C. Stebbens and G. F. & W. H. Sharp for respondent; R. & N. L. Hopkins and W. K. Boucher for appellant.

See Hill v. Gwinn, 51 Cal. 47.

WALLACE, C. J.—The fixtures of the "Quaker City Mill" were removed by the defendants in May, 1870, intermediate the submission of the action of Depew v. Homer and its decision.

In July, 1870, a decree of foreclosure was entered in that case; in August following the mortgaged premises were sold by the sheriff to Murphy, the mortgagee, and in September, 1871, in default of redemption, he received a sheriff's deed. The fixtures were removed by consent of the mortgagee, but, as the court below found the fact to be, not with the consent of the mortgagors, the plaintiffs in this action. Upon these facts judgment was rendered for the plaintiffs for the value of the fixtures removed, and from this judgment and an order denying their motion for a new trial, the defendants bring this appeal.

1. The case, though differing in some of its circumstances, is not distinguishable in principle from that of Sands v. Pfeiffer, 10 Cal. 258, where the opinion was delivered by Mr. Justice Field. In that case the mortgagee, who had purchased at the mortgage sale and received a sheriff's deed, recovered the value of fixtures removed from the mortgaged premises intermediate the purchase and the delivery of the sheriff's deed. His deed, however, was not held by the court to relate to the date of his purchase at sheriff's sale, but to the date of the mortgage itself. "The deed took effect by

relation at the date of the mortgage and passed fixtures subsequently annexed by the mortgagor: Winslow v. Mer. Ins. Co., 4 Met. (Mass.) 313, 38 Am. Dec. 368. By their wrongful severance the fixtures became personal property, for the recovery of which the present action was properly brought,'' etc.

Under the doctrine of that case the plaintiffs here—the mortgagors—cannot maintain this action to recover the value of the fixtures removed intermediate the giving of the mortgage and the delivery of the sheriff's deed. The effect of the foreclosure resulting in the delivery of the deed was to vest the legal title to the entire mortgaged premises, including the fixtures, in the grantee of the sheriff.

2. There is nothing in the objection, made here apparently for the first time, that the notice of intention to move for a new trial and the statement in support of the motion came too late. It does not appear that any such objection was relied upon below by the respondent.

The statement was settled by stipulation of counsel and no objection of that character was observed (Quivey v. Gambert, 32 Cal. 304), nor, so far as appears, in any manner brought to the attention of the court below in proceeding to obtain a new trial of the action.

Judgment and order denying a new trial reversed and cause remanded,

We concur: Crockett, J.; Niles, J.

I dissent: Rhodes, J.


McKINSTRY, J.—I concur in the judgment. The mortgagee was the purchaser at the foreclosure sale, and, as between mortgagor and purchaser at such sale (and those claiming under them), the sheriff's deed took effect, by relation, as of the date of the mortgage. If this action had been brought against the mortgagee, he would have had a defense, as being then the owner of the property and entitled to its possession; his rights would have been the same as if the fixtures had remained annexed to the freehold. They were removed by the defendant with the consent of the mortgagee, and the former was authorized to defend under the latter's title.