42  36
f107 127

### OLIVER v. MONTGOMERY ET AL.

1. **Taxes: PAYMENT BY CO-TENANT: LIEN.** A co-tenant who has paid the taxes upon the property held in common is entitled to a lien upon the same until he shall be re-imbursed for the amount paid.

*Appeal from Woodbury District Court.*

MONDAY, DECEMBER 13.

At the September Term, 1874, of this court, an opinion was filed reversing the above entitled case, and directing that the defendants have judgment for one-third the amount of

taxes paid upon the lands in controversy, with interest at six per cent from the respective dates of payment. See 39 Iowa, page 601.

On the last day of the next term of the Woodbury District Court, the defendant filed in said court a copy of the opinion, and the court entered in his calendar an order that a decree be entered in accordance with the opinion of this court, for the sum of $2,286 in favor of defendants, that being the amount that it was agreed defendants were entitled to, on account of taxes paid.

Pursuant to this direction the clerk, after the adjournment of court, entered a decree quieting plaintiff's title to the lots in controversy, and a judgment in favor of defendants as follows: "And it is further ordered that the defendant recover of the plaintiff the sum of $2,286, with interest at the rate of six per cent per annum, and that execution issue therefor."

On the first day of the next term of said District Court, before the judgment was signed and approved by the court, defendants filed a motion that the judgment be so changed and modified as to give the defendants a lien on the lots in controversy, to the amount of taxes paid by defendants on each of said lots respectively.

The court overruled this motion, and the defendants excepted and appeal.

*Joy & Wright*, for appellants.

*J. H. Swan*, for appellee.

DAY, J.—The court erred in refusing to make the judgment for the amount of taxes paid a lien upon the lots on which the taxes were assessed.

The payment of the defendants relieved the land from the lien then existing, and enured to plaintiff's benefit. It is right and equitable that defendants should be subrogated to the lien before existing. The fact that the former opinion of this court was silent respecting a lien cannot be fairly construed.

into a denial of the existence of the right. If final decree had been entered in this court the lien would have been preserved. See *Sears v. Sellew*, 28 Iowa, 501; *Orr v. Travacier*, 21 Iowa, 68.

The judgment of the court below is

REVERSED.