GEORGE A. HYNES, Appellant, v. SAMUEL ECKER, Respondent.

## St. Louis Court of Appeals, March 5, 1889.

Landlord and Tenant : NON-LIABILITY OF TENANT'S ASSIGNEE. Where a lease stipulates that no assignment thereof shall be made by the lessee without the written consent of the lessor, and the lessee does, nevertheless, without such consent, assign the lease, and puts his assignee in possession, the lessor, or his assigns, cannot maintain an action against the lessee's assignee or those claiming under him, for rents and taxes due by the terms of the original lease.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Broadhead & Haeussler* and *Boyle, Adams & McKeighan*, for the appellant.

In the absence of any provision of forfeiture or reëntry in a lease, in case of the violation by the lessee of an agreement not to assign without consent, the remedy of the lessors, in the event of an assignment without consent, would be an action on the covenant against the lessees. 1 Wash. Real Prop. [5 Ed.] 511; *Den v. Post*, 25 N. J. Law, 285, p. 292; *Brown v. Bragg*, 22 Ind. 122; *Shaw v. Coffin*, C. B. N. S. 371; *Crawley v. Price*, 10 L. R. Q. B. 302; *Wilkes v. Phillips*, 2 Bing. 13; Platt on Covenants, 424; Wood's Landlord and Tenant, sec. 513, p. 862; *Spear v. Fuller*, 8 N. H. 174; *Burns v. McCubbin*, 3 Kas. 221; *Wheeler v. Danscomb*, 3 Cush. 285. A covenant not to assign, etc., in a lease is not a limitation of the estate, but a condition subsequent. The only effectual mode by which the

breach of such condition in a lease can be made by the lessors to affect or determine the leasehold estate is by reëntry. *Den v. Post, supra ; Wilkes v. Phillips, supra ;* Platt on Covenants, *supra ;* Wood's Landlord and Tenant, sec. 506, p. 857; 1 Wash. R. P. [5 Ed.] 503 ; *Walker v. Engler,* 30 Mo. 130. Until reëntry is actually made, the estate remains in the lessee or his assigns, notwithstanding the breach, and the lessor is entitled to his action upon the covenant for the rent which accrued previous to such reëntry. 1 Wash. R. P. [5 Ed.] p. 510, and cases cited ; Wood's L. & T., sec. 513, p. 864, sec. 323, p. 530 ; *Walker v. Engler, supra ; Shaddock v. Lovejoy,* 8 Gray, 205 ; *Knight v. Railroad,* 70 Mo. 231 ; *Railroad v. City of St. Louis,* 66 Mo. 251 ; *Railroad v. Railroad,* 32 Barb. ; *Ellis v. Kyger,* 90 Mo. 60. Conditions restraining the underletting or assigning of the leasehold premises without the lessor's assent are solely for the benefit of the lessor, and the lessors are the only persons who can terminate the estate for a breach of covenant, and that only by an entry where provided. *Shumway v. Collins,* 6 Gray, 231 ; *Way v. Reed,* 25 L. Rep. 605 ; Wood's L. and T., sec. 513, p. 861 ; *Trask v. Wheeler,* 7 Allen, 110 ; *Walker v. Engler, supra ; Knight v. Railroad, supra ; Railroad v. City of St. Louis, supra ; Ellis v. Kyger, supra.* If the landlord accepts rent after the breach, with knowledge thereof, it is a waiver of the breach. If there be waiver of the breach as between the lessor and the lessee, such waiver enures to the benefit of the assignee of the lessee. Wood's L. and T., sec. 323, p. 529, sec. 518, pp. 870, 871 ; *Dockery v. McCollough,* 62 W. & S. 381 ; 1 Wash. R. P. [5 Ed.] p. 503 ; 2 Platt on Leases, 471; Taylor Landlord and Tenant, sec. 497 ; *Ireland v. Nichols,* 46 N. Y. 413 ; *Goodfellow v. Davis,* Cowper, 813 ; *Crouch v. Railroad,* 22 Mo. App. 315. Estoppel *in pais* must be especially pleaded in order to be available. *Bray v. Marshall,* 75 Mo. 327 ; *Noble v. Blount,* 77 Mo. 235.

*Nathan Frank* and *Charles G. B. Drummond,* for the respondent.

Where the right of the lessees to alienate the estate is restrained by a covenant in the lease not to assign without the written consent of the lessors, an assignment of the lease made without such consent when the lessors refuse, expressly and persistently, to accept the assignee of the the lessees, or to recognize him as their tenant in any manner whatever, creates no privity of estate between the lessors and such assignee, and without such privity the assignee does not become liable in any manner to the lessors for the rent or taxes covenanted to be paid in the lease. Lessees cannot, by their own act, without the assent of the lessor, destroy the tenancy ; and until such assent is given, the lessor may avow upon the lessees as his tenants, notwithstanding an assignment has been made and the assignee is actually in possession. *Wadham v. Marlowe,* 8 East. 315. Lessees, restrained from assigning without leave, can have assigns only of two sorts, either an assign approved by the landlord, or an assign by appointment or designation of law ; they cannot have an assign under such circumstances of their own appointment. *Wetherall v. Geering,* 12 Vesey, Jr., 510. Assignment by lessees without the assent of the landlord, either express or implied, where such assent is provided for in the lease, does not destroy the privity of the estate and relieve the lessor from an action of debt, or for use and occupation, which can only be while the relation of landlord and tenant subsists. *Wadham v. Marlowe,* 8 East. 315, *supra; Shine v. Dillon,* 1 Irish Rep. 277 ; *Thursby v. Plant,* 1 Saund. 240, note 5 ; *Edmonson v. Kite,* 43 Mo. 178 ; *Hutton v. Powers,* 38 Mo. 353 ; *Cohen v. Kyler,* 27 Mo. 123 ; *Hood v. Mathis,* 21 Mo. 308 ; *O'Fallon v. Brismenn,* 3 Mo. 288 ; *Copeland v. Mather,* 1 Starkie, 95 ; 2 Story

on Contracts, sec. 951. The lessors were bound to elect whether they would . assent to the assignment or not, and, having elected, are bound by their election. Having by decisive acts elected not to recognize the assignment or the defendant as assignee, they cannot afterwards enforce it against the defendant as a valid instrument. *Bailey v. Harvey*, 121 Mass. 174; *Jones v. Carter*, 15 M. and W. 718; Wood L. and T. 532; 82 Mo. 659, 660; *Austin v. Loring*, 63 Mo. 22; *Prior v. Kiso*, 81 Mo. 248; *Adams v. Agnew*, 15 South Car. 41; *Rodeman v. Clark*, 46 N. Y. 357; *Taylor v. Sangram*, 1 Mo. App. 312; 3 Mo. 230, last par. side page; *Mysenburg v. Schlieper*, 48 Mo. 435; *Sands v. Hughes*, 53 N. Y. 294; 12 Adolph and Ellis, 719; *Cornish v. Abington*, 4 Hurlstone & Norman, 554–5. Arrears of rent are not assignable at common law without the estate, nor by virtue of our statute since they arise out of privity of estate, and not out of contract, the statute only authorizing assignees of choses in action issuing out of contract to sue.    R. S., sec. 3462; R. S., sec. 3094; *Kennedy v. Kennedy*, 66 Ill. 196; *Thomas v. Cox*, 6 Mo. 506; *Wallen v. Railroad*, 74 Mo. 521; *Huestell v. Lorillard*, 6 Robertson, 262; *Blackmann v. Broadman*, 28 Mo. 426. Plaintiff could acquire no greater rights than his assignors had.    R. S., sec. 664, p. 107.

ROMBAUER, P. J., delivered the opinion of the court.

In August, 1877, the owners of various lots, in Cote Brillante, St. Louis, executed leases for a term of ten years to Jesse L. January, C. Bent Carr, Robert S. Carr and Edward S. Douglas as co-lessees, the lessees covenanting to pay a certain rent reserved, and the taxes assessed against the property during the term, and not to assign the leases without the written consent of the lessors respectively,

The lessors established a race track on the property let, and assigned all the leases but one to the St. Louis

Jockey and Trotting Club, which thereafter made a deed of trust on the property. Default being made in the payment 'of the indebtedness secured by this deed, it was foreclosed and the defendant became the purchaser, and took possession of the property. No written consent of the lessors to the assignment of the leases to any one was ever had.

The present action is brought by plaintiff to whom the lessors assigned their claim for rent and taxes due under the terms of the original leases against the defendant who claims and was in possession under the trustee's sale. It is conceded that the rent and taxes sued for are unpaid. The defendant's answer is a general denial. The cause was tried by the court without a jury and resulted in a judgment for defendant.

Numerous errors are assigned by the plaintiff appealing, but the only ones pressed upon our attention are that the court gave erroneous declarations of law, and that the verdict is against the evidence. Upon the trial the facts above stated appeared and were not controverted. The only substantial controversy between the parties was touching the fact, whether the lessors ever consented expressly or by implication to the assignment of the leases, and whether they had ever done anything which in law would amount to a waiver of the covenant against assignment. On that branch of the case, the defendant offered substantial evidence, warranting the trier of the facts to find against an implied consent or waiver and rebutting the legal presumption which made the defendant liable as assignee, owing to the fact of his possession. That finding, under the rules governing appellate procedures in this state, we are not at liberty to disturb. Hence the only question, presented for our consideration upon this appeal, is whether the court correctly declared the law, as applicable to the facts found.

The view of the law, as contended for by the plaintiff, in opposition to the view of the law taken by the court, will appear from the declarations of the law asked by the plaintiff, and their modification by the court. The court gave the declarations asked by the plaintiff, in a modified form, the modification consisting of those parts of the declaration printed in italics, the plaintiff excepting to the modification.

These instructions were as follows :

"1. The court declares the law to be, that if it appears from the evidence that the owners of the several lots and parcels of ground, described in the petition, leased the same to Messrs. January, Douglas, C. B. and R. S. Carr, for a term of ten years from August 1, 1877 ; that by the terms of the leases the lessees agreed to pay as rent the said several sums or amounts set forth in the several counts of the petition, and also all taxes, rates and charges imposed or assessed upon the said premises ; that afterwards, on or about the second of February, 1880, the said defendant, Samuel Ecker, became the owner of said several leasehold estates, and duly entered into, and has up to the time of the filing of this suit, continued in possession of the premises ; that he failed to pay certain rents or taxes set forth in the several counts, or any part of said rents or taxes, and that the accounts and claims for said rents or taxes, or both rents and taxes, were subsequently, and before the filing of this suit, for value duly assigned and transferred to this plaintiff by the parties theretofore entitled to the same, or their duly authorized agents, then the finding should be for the plaintiff for such sum, or sums, as appears from the evidence remains due and unpaid, together with six per cent. interest from the date the same was demanded of defendant. *But if it appears from the evidence that the alleged assignment of the leases, under which defendant entered into and held possession of the premises, was without the consent of the lessors or owners of the reversion, and that they neither*

*expressly or impliedly consented to the assignment of the leasehold estate, and have done no act that would in law amount to a waiver of their right under the covenant to the effect that the leases should not be assigned without their consent, then the finding must be for the defendant.*

"2.    The court declares the law to be that if it appear from the evidence that the several lessors .executed the several leases introduced in evidence to January *et al.*, and if it appears that said leases were by said January *et al.*, duly assigned to the Jockey Club and that said Jockey Club executed the deed of trust in evidence, and that said leasehold interest was sold thereunder and purchased by defendant, who took a deed therefor and entered into possession and has continued in possession until the filing of this suit, that then defendant is liable for the payment of the rent and taxes under the covenants of the leases, and plaintiff is entitled to recovery therefor. *By the term 'duly assigned,' as used in this instruction, is meant assigned with the consent of the lessors expressed or implied, and unless it appears from the evidence that said assignment was made with such consent the finding must be for the defendant, unless it also appears that the lessors or owners of the reversion, have by their act or conduct waived their rights under the covenant in the leases against the assignment thereof.*

"3.    The court declares the law to be that the assignee of the reversion or the heir or devisee of the lessor, succeeds to all the right of the lessor as regards all covenants that run with the land, and is entitled to all rents and taxes that accrue under the lease after the assignment, descent or devise to him, and may dispose of his rights in the same manner as the original lessor. If, therefore, it appears from the evidence that any of the land described in any one of the counts, subsequent to the making of the lease, became the property of the

person described in the count as purchaser from, or heir or devisee of the original lessor, for value assigned his claim or account to plaintiff, the finding on such count should be for plaintiff for such sum as appears from the evidence became due after such purchase, descent or devise, not exceeding the amount claimed in the count, and interest from date of demand, *provided that under the evidence the original lessors would have been entitled to recover had there been no assignment of the reversion or death of the lessor.*

"4. The court declares the law to be, that if it appear from the evidence that defendant Ecker was in possession of the premises described in the said several counts of the petition, or any one of them, during the term for which the land therein described was leased, then he is presumed in law to have been in as assignee of the lease, and is liable under the terms of the leases for all rents and taxes remaining unpaid, that became due while he was in possession of said premises; *but that presumption is only prima facie, and if overcome by other proof the defendant is not liable on that account.*"

The propositions urged by appellant in support of the correctness of the view of the law as presented in the instructions asked by him may be summarized as follows: That the lease provided for no forfeiture or re-entry for violation of the covenant against assignment, and hence the landlord's only remedy was to sue the lessees for breach of that covenant. That a covenant not to assign is not a limitation of the estate but a condition subsequent and until reëntry, the estate remains in the lessee or his assigns and the lessor is entitled to his action upon the covenant for rent. That conditions restraining the underletting or assignment of the leasehold, are for the lessor's benefit, and he alone can terminate the estate for a breach of the covenant.

That if a landlord accepts rent after breach with knowledge thereof, it is a waiver of the breach. That estoppel *in pais* must be specially pleaded to be available.

Conceding for the sake of argument, that every one of the propositions thus asserted is correct, and yet there was no error in the court's modification of plaintiff's instructions, the question here is not whether the estate continued or was determined ; the question is, whom is the lessee bound by privity of estate, to pay the rent to, the lessors or to their assigns. If the lessors never recognized any assignment of the leases, either expressly or by implication, the privity between them and the original lessees never ceased. That proposition of law is not controverted. It logically results that the original lessees still continue the lessor's tenants, until such lessors by some act recognized the assignee as their tenant.

Lessees, restrained from assigning without leave, can have assigns only of two sorts, either an assign approved by the landlord or an assign by appointment or designation or law ; they cannot have an assign of their own appointment, unapproved by the landlord. *Weatherall v. Geering*, 12 Ves. 510.

In this state an action for use and occupation can be maintained only where the relation of landlord and tenant exists. *Cohen v. Kyler*, 27 Mo. 123 ; *Hutton v. Powers*, 38 Mo. 353 ; *Edmonson v. Kite*, 43 Mo. 178. The defendant's occupation was *prima-facie* evidence of his holding as assignee, but his liability is to be determined by the extent of his right of possession under the assignment, and not by his actual possession ( *Board of Public Schools v. Boatmen's Insurance and Trust Co.*, 5 Mo. App. 91), and if that right of possession was never recognized by the lessors, no privity of estate between him and such lessors could ever arise.

It must be evident that unless the lessors had a subsisting cause of action against the defendant for rent and taxes at the date of the assignment of their claims to

plaintiff, no right of action passed to plaintiff by such assignment, since no one can assign a right which he does not possess. As the court under a correct declaration of the applicatory law, found upon controverted facts that at the date of such assignment the lessors had no cause of action for rent against the defendant,—its judgment for the defendant was an unavoidable result.

All the judges concurring, the judgment is affirmed.