Tyler Estate, Plaintiff and Appellant, v. George E. Giesler, Defendant and Respondent.

St. Louis Court of Appeals, April 12, 1898.

1. **Landlord and Tenant:** SUIT ON COVENANT TO PAY TAXES. To entitle the plaintiff to recover for any portion of taxes sued for on covenant in a lease the relation of landlord and tenant must have existed between it and defendant.

2. **Assignment of Lease:** LIABILITY OF ASSIGNEE OF LEASE UNDER COVENANT TO PAY TAXES. It is well established law that an assignee may rid himself of all liability under the covenants in a lease by reassigning the lease.

3. ———: ———: PRIVITY OF ESTATE. This on principle must be true, because his liability on the covenants in the lease rests solely on the privity of estate existing between him and the lessor, and the reassignment of lease destroys the privity.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

FARRISH & WILLIAMS for appellant Giesler.

Where the lease stipulates that no assignment
thereof shall be made by the lessee without the written
consent of the lessor and the lessee does nevertheless
without such consent assign the lease and puts his
assignee in possession, the lessor or his assignees can
not maintain an action against the lessee's assignee or
those claiming under him for taxes due by the terms
of the original lease. Hynes v. Ecker, 34 Mo. App.
650. Lessee restraining from assigning without leave
can have assigns of only two sorts, either an assign
approved by the landlord, or an assign by appoint-
ment or designation of law; they can not have an
assign under such circumstances, of their own appoint-
ment unapproved by the landlord. Hynes v. Ecker,
*supra;* Wetherall v. Geering, 12 Ves. Jun. 510. The
lessor was bound to elect whether it would assent to
the assignment or not, and after having elected, is
bound by that election. Bailey v. Harvey, 121 Mass.
174; Austin v. Loring, 63 Mo. 22; Prior v. Kiso, 81
Mo. 248. The fact that the assignee of the lease was
in possession of the property and paid rents upon
accounts made out in the name of the original lessee,
is not conclusive on the point as to the assent of the
lessor to such assignment or transfer. In the case of
Hynes v. Ecker, *supra,* the assignee took possession
of the property and paid rents and taxes for a number
of years. The assignee of a lease is not liable upon a
covenant to pay rent and taxes after he has assigned
to some one else or yielded up possession to some one

else. Board of Public Schools v. Ins. & Trust Co., 5 Mo. App. 91; Mason v. Smith, 131 Mass. 510.

J. HUGO GRIMM for respondent.

That the court very properly rendered judgment against defendant for the taxes of 1893 and 1894 is beyond question. Giesler became assignee of the lease in February, 1893, at once took possession and retained possession until about April, 1895. The taxes of 1893 and 1894 became due and payable while he was assignee, and while he continued in possession of the property as such. Taylor on Landlord and Tenant, sec. 449; 12 Am. and Eng. Ency. Law, pp. 1031–1033; Smith v. Brinker, 17 Mo. 148; Hicks v. Martin, 25 Mo. App. 359. The assignee is bound to a performance, during the time he is in possession, of all covenants running with the land. 1 Wood, Landlord and Tenant, p. *261; St. Louis Public Schools v. Ins. Co., 5 Mo. App. 96. And the covenant to pay taxes and assessments is such a covenant. Taylor, Landlord and Tenant, sec. 262. As to the taxes of 1895, while, if the alleged assignment of the lease from Giesler to Elbert is to be treated as a reality and not a mere sham, even then defendant is liable for the taxes of 1895, not by reason of being the tenant in possession, but by reason of his contract with Elbert to pay them.

BIGGS, J.—In 1877 Mary L. Tyler leased certain premises to Frances A. Keith. The leasehold was for a term of twenty years, and the lease contained covenants on the part of the lessee to pay an annual rental and all taxes assessed against the property during the life of the lease. The lessee also covenanted that she would not assign or sublet the premises, except by the

written consent of the lessor or her assigns. In 1888 Mary L. Tyler conveyed the premises to plaintiff. In February 1893, Mrs. Keith sold and transferred her interest in the lease to the defendant. STATEMENT. This assignment was made without the written consent of the plaintiff. The defendant took possession of the property under his purchase. He continued to occupy it until about April 12, 1895, when he sold and transferred his interest in the leasehold to one Elbert. The latter took immediate possession of the property. The defendant paid the rent while he occupied the premises, but he failed and refused to pay the taxes. The plaintiff paid the taxes for the years 1893, 1894 and 1895. It sues in this action to recover from the defendant the amount thus paid. The defendant denied liability upon the ground that the assignment of the leasehold to him had not been recognized or ratified by the plaintiff, and as to the taxes of 1895, he interposed the further defense that before those taxes became due he assigned the lease and delivered the possession of the premises to Elbert. There was a trial before the court without a jury. There was a judgment for plaintiff for the amount of the taxes for 1893 and 1894. The judgment was for the defendant as to the taxes of 1895. Both parties have appealed. The court refused the following declarations of law asked by the defendant:

"If the court sitting as a jury find that prior or at the time of making a transfer or assignment of the lease from Frances Ann Keith to the defendant, it was necessary to procure the written consent of the lessor; and if the court further finds that the written consent of the lessor was never obtained, and the plaintiff INSTRUCTION. declined to give its written consent and declined to acknowledge defendant as its tenant holding under the lease introduced in evidence, then the defend-

ant would not be liable for the payment of the taxes provided for in said lease for which this suit is brought.''

"If the court sitting as a jury finds from the evidence that the lessee, Keith, had no right to assign or transfer the lease in question without the written consent of the lessor, and if the court sitting as a jury further finds that the lease was transferred by said Keith to Giesler, the defendant herein, without the written consent of the lessor and that said Giesler, was put in possession of said property, then the said Giesler would not be liable for the taxes due upon the terms of the original lease and the verdict and judgment should be for the defendant.''

To entitle plaintiff to recover for any portion of the taxes sued for, the relation of landlord and tenant must have existed between it and the defendant, that is the plaintiff must have given its written consent to the transfer of the lease by Mrs. Keith to the defendant, or it must have subsequently recognized or ratified the assignment, thereby creating between it and the defendant privity of estate and rendering the latter liable under the covenants in the lease during his occupancy of the demised premises. Hynes v. Ecker, 34 Mo. App. 650; St. Louis Public Schools v. Ins. Co., 5 Mo. App. 96. It is conceded that the written consent of plaintiff to the assignment of the lease was not obtained, and there is no evidence that the transfer was expressly or formally ratified by the defendant. Is there any substantial evidence of an implied ratification.

The instructions asked by the defendant proceed upon the idea that there was no such evidence. To this we can not consent. The evidence tends to prove that the plaintiff was advised of the adjustment of

RELATION of landlord and tenant must be shown to entitle plaintiff to recover on covenants in lease.

the lease, and that the defendant occupied the premises by virtue of the assignment, that when the plaintiff was notified of the assignment and the change in the occupancy of the property, it wrote under the name of Mrs. Keith, against whom the ledger account for the rent and taxes was kept, the name and address of the defendant; that subsequently all bills for rent were presented to and paid by the defendant, that on one occasion the defendant was in default in the payment of the rent and the plaintiff enforced payment from him, through its attorney; that on one or two occasions there were negotiations pending between the plaintiff and defendant with the view of an extension of the lease on behalf of the defendant, and the record contains the statement of the president of the company that the defendant was recognized as the tenant. This testimony warranted the conclusion reached by the circuit court, that the plaintiff had impliedly ratified the assignment of the lease, and justified the refusal of the instructions asked by the defendant. Under this view of the evidence the judgment of the circuit court as to the taxes of 1893 and 1894 must be affirmed, as there is no question that the taxes for those years became due and payable during the time the defendant actually occupied the premises, and prior to the assignment or attempted assignment of the lease to Elbert. Can the judgment of the circuit court be sustained as to the taxes of 1895? The assignment of the lease by the defendant to Elbert was read in evidence. There is no controversy as to its execution. The evidence leaves no doubt that at or about the date of the assignment Elbert took possession of the property. Treating the assignment as *bona fide*, unquestionably the defendant is not liable for these taxes, for the reason that they became due after he had assigned the lease and surren-

Tyler Estate v. Giesler.

ASSIGNEE of lease may rid himself of liability on covenants by reassigning lease.

dered the possession of the property. It is well established law that an assignee may rid himself of all liability under the covenants in a lease by reassigning the lease. This on principle must be true, because his liability on the covenants in the lease rests solely on the privity of estate existing between him and the lessor, and as the reassignment of the lease destroys such privity, it logically follows that the liability is likewise destroyed. Mr. Wood says that he may reassign "without giving notice to the lessor, or obtaining his leave; and, notwithstanding a covenant in the original lease that the lessee, his executors or administrators, should not assign without the license of the lessor. There is no fraud in the assignee of a lease reassigning his interest with a view to getting rid of the lease; hence he may reassign it to a beggar, or a married woman, or a person leaving the kingdom, for the express purpose of relieving himself of liability under the covenants. It is not even necessary that the person to whom the reassignment is made should take possession of the premises, or assent to the lease." Wood's Landlord and Tenant [2 Ed.], sec. 346. To the same effect is Mason v. Smith, 131 Mass. 510. Under these authorities the contention of the plaintiff that the assignment to Elbert was for the fraudulent purpose of evading liability under the lease, or that the defendant retained a beneficial interest in the lease, is without merit. In addition to this there was substantial evidence that the assignment to Elbert was *bona fide*, which must be considered in support of the finding and judgment of the circuit court.

The further contention is made by plaintiff that it was entitled to a judgment for the taxes of 1895, because the evidence tended to prove that the defendant promised Elbert that he would pay them. The cause

of action as stated in the petition is based on the cove-
nants in the lease, which it was averred the defendant
was bound to observe and keep. To permit a recovery
upon the alleged promise of the defendant to Elbert
would not be warranted. A plaintiff can not sue on
one cause of action and recover upon an entirely dif-
ferent one. But aside from this the defendant testified
that he made no such promise. This presented a case
of conflict in the evidence, which, on the theory pre-
sented, would necessarily lead to an affirmance of the
judgment, as there was no instruction asked presenting
this view of the evidence.

With the concurrence of the other judges the
judgment of the circuit court will be affirmed. It is so
ordered. All concur.