TYLER ESTATE, Appellant, v. GEORGE E. GIESLER, Respondent.

St. Louis Court of Appeals, October 23, 1900.

1. **Landlord and Tenant:** LESSEE UNDER TERMS OF LEASE LIABLE FOR RENT AND TAXES: LESSEE AFTER REAS-SIGNMENT NOT LIABLE. The lessee under terms of lease was liable for rent and taxes. The lease was afterwards transferred by written assignment to defendant. In a suit by the landford for unpaid rent and taxes against defendant and his assignee, after defendant had obtained possession, resulted in a judgment against defendant alone in favor of plaintiff, which is affirmed.

2. ———: ———: ———: PRIVITY OF ESTATE. The law is well established that an assignee, after reassignment of the lease, is not liable under the covenants of the lease for the reason there is no privity of estate existing between him and the lessee or landlord, as the reassignment destroyed such privity.

3. ———: ———: EVIDENCE CONTRADICTORY OF WRITTEN ASSIGNMENT, INADMISSIBLE. Any parol evidence that contradicts and varies the written transfer of the lease, that was unconditional and complete, was incompetent and properly excluded.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*J. Hugo Grimm* for appellant.

(1) If Giesler, in April, 1895, when the assignment of lease was delivered to Elbert, made an agreement with him, that he, Elbert, should collect all rents and turn them over to Giesler who, on his part, would pay the ground rent, taxes and expenses, then this is a promise which plaintiff, for whose benefit it was made, can enforce. School District v. Livers, 147 Mo. 580; Davers v. Howard, 144 Mo. 671-678. (2) Although the assignment of lease was in writing, an oral contract made at the same time providing for the payment of the rent and taxes, is not a part of the assignment at all, nor in anywise inconsistent therewith; it is strictly a collateral contract, independent of the assignment of lease, and is, therefore in no sense merged into it. (3) Again the parol testimony shows that the assignment was not absolute but conditional, to become valid and effectual only upon the condition that Giesler would secure a ten-year extension. That such a condition can be shown by parol is settled law. (4) Again, it is clear that where a writing does not express the entire contract, but only a part of the agreement is

reduced to writing, the oral contract may be shown, if it does not contradict or vary the writing. Brown on Parol Evidence, sec. 32, p. 52; Wilson v. Power, 131 Mass. 539; Reynolds v. Robinson, 110 N. Y. 654.

*R. P. Williams* for respondent.

(1) Parol evidence is inadmissible to incorporate in a written instrument any contemporaneous agreement. Walker v. Engle, 30 Mo. 301; Tracy v. Union Iron Works, 104 Mo. 193; Bethany Savings Bank v. Cushman, 66 Mo. App. 102. (2) All evidence of prior negotiations or statements and representations made in the course of conversation, is inadmissible. Tracy v. Union Iron Works, 104 Mo. 193; Bignald v. Pierce, 59 Mo. App. 673. (3) The contract of date April 12, 1895, fixed the rights and liabilities of Giesler and Elbert, the parties thereto. And if it be allowed to show by parol that Elbert was to have possession of this property, and Giesler pay the rent and taxes thereon, the terms of this written contract between them would be varied, by parol.

BIGGS, J.—In 1877 Mary L. Tyler leased certain premises in the city of St. Louis to Frances A. Keith. The leasehold was for a term of twenty years, and the lease contained covenants on the part of the lessee to pay an annual rental and all taxes assessed against the property during the life of the lease. In 1888 Mary L. Tyler conveyed the premises to plaintiff. In February, 1893 Mrs. Keith sold and transferred her interest in the lease to the defendant. The defendant took possession of the property under his purchase. He continued to occupy it until April 12, 1895, when he sold and transferred his interest in the leasehold to one Elbert. The latter took immediate possession of the property. The defendant and Elbert failed to pay the taxes assessed against

the property for 1895 and 1896, and they also failed to pay the rent for 1896 and 1897. The plaintiff was compelled to pay the taxes, and in this action it sued defendant and Elbert before a justice of the peace to recover the amount so paid and also the amount of unpaid rent. The judgment before the justice was against Giesler and in favor of Elbert. Both parties appealed. In the circuit court the judgment was for Giesler, the plaintiff having dismissed the action as to Elbert. The plaintiff has brought the case to this court and it complains of the action of the court as to the instructions.

We had one branch of this litigation before us in Tyler v. Giesler, 74 Mo. App. 543, in which we held that the acceptance by Giesler of the transfer of the leasehold from Mrs. Keith and the subsequent occupancy of the property by him under the lease created a privity of estate between him and the plaintiff, who was then the owner of the fee, which rendered him (Giesler) liable for the payment of the taxes and the rents so long as he occupied the property. And we decided further, that such privity of estate could be terminated at any time by a transfer of defendant's interest in the lease and a surrender of the possession thereunder by him, and that he could do this at any time without notice to plaintiff.

In the present action the evidence of the plaintiff tended to prove that it had no notice of the assignment of the lease to Elbert; that in September following the making of the assignment Giesler and Elbert agreed to cancel it; that subsequently defendant so acted as to lead plaintiff to believe that he had made no transfer of his interest, and that so believing the plaintiff refrained from regaining the possession of the premises. Upon this evidence the plaintiff claimed that defendant remained liable for the rent and taxes. At the instance of the plaintiff the court submitted this view of the evidence, and it found the facts against the plaintiff. This finding disposes of this branch of the case.

The written assignment of the leasehold by defendant
to Elbert was complete and unconditional. Its legal effect
was to relieve the defendant of liability for the nonperform-
ance of the covenants in the lease and to impose on Elbert
the obligation of paying the rent and the taxes so long as he
continued to own the leasehold and occupy the premises.
Referring to this assignment the plaintiff in its petition avers
that as a part of the original agreement it was orally agreed
between defendant and Elbert "that thereafter said Giesler
should continue to collect all rents from the sub-tenants of
said property and should also pay to this plaintiff all the rents
and taxes that should become due under the terms and provis-
ions of said lease." The circuit court admitted evidence in
support of this averment subject to objection, and it after-
wards excluded the evidence by an instruction. The plain-
tiff complains of this instruction. Now, if the allegation is
to be construed (as it must) as asserting an absolute under-
taking on the part of the defendant to pay subsequently accru-
ing rent and taxes regardless of the amount of money collected
by him from the sub-tenants, then clearly evidence in support
of it was inadmissible for such an agreement would be at
variance with the written contract, which must be accepted as
the contract between the parties. But if, as suggested by
counsel, the alleged agreement was independent of the orig-
inal contract and was to the effect that the defendant should
collect the rents from the sub-tenants and apply such collec-
tions when made to the discharge of the covenants in the
lease, it is sufficient answer that no such agreement is set
forth in the pleadings. Besides the plaintiff failed to show
that defendant had collected or received the money from the
sub-tenants and had failed to apply it as alleged. Hence this
assignment must likewise be overruled.

The circuit court also received evidence tending to prove
that the transfer of the lease by defendant to Elbert was con-

ditional, in that it was not to become effective, unless a ten-year extension of the lease was obtained.    Subsequently the court excluded this evidence on the ground that such collateral agreement, if made, contradicted and varied the written transfer which was unconditional and complete.    Clearly this ruling was right.    Besides no such collateral agreement was pleaded.

Finding no error in the record the judgment of the circuit court will be affirmed.    All concur.