## In re PRUDENTIAL LITHOGRAPH CO., Inc.

(Circuit Court of Appeals, Second Circuit. December 15, 1920.)

No. 80.

1. **Bankruptcy ⊂⊃440—"Proceedings in bankruptcy" and "controversies arising in bankruptcy proceedings" distinguished.**

  As respects review by appeal or revision under the Bankruptcy Act (Comp. St. §§ 9585–9656), "proceedings in bankruptcy" relate to questions arising between the bankrupt and his creditors, and "controversies arising in bankruptcy proceedings" are distinct and separable issues raised between intervening parties and involving substantial rights.

  [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Controversy Arising in Bankruptcy Proceedings; First and Second Series, Bankruptcy Proceedings.]

2. **Bankruptcy ⊂⊃449—Denial of landlord's claim lease was forfeited by bankruptcy is appealable; "controversy arising in bankruptcy proceeding."**

  The question whether the lease to bankrupt which contained a covenant against assigning or subletting was forfeited by the bankruptcy is a controversy arising in a bankruptcy proceeding reviewable on appeal under Bankruptcy Act, § 24a (Comp. St. § 9608), since the landlord claims title to property in possession of the trustee, and a distinct and separable issue is raised thereby, and it is immaterial that the question was raised by the landlord's answer to the petition for confirmation of the sale of the lease instead of by petition filed by the landlord.

3. **Landlord and tenant ⊂⊃76(2)—Covenant against assignment of lease not breached by bankruptcy.**

  A covenant against assignment or subletting of a lease without the written consent of the lessor is not breached by an assignment by operation of law in the event of the bankruptcy of the lessee.

4. **Landlord and tenant** ⊸76(1)—**Covenants against assignments not favored.**

    Covenants in a lease against assignment and underletting which have the force of conditions are not favored by the courts.

5. **Landlord and tenant** ⊸104—**Lease can expressly provide for forfeiture by assignment by law.**

    A covenant against an assignment of a lease can be so drawn as to provide for forfeiture by an assignment by operation of law, but the court will not infer such provision.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the Prudential Lithograph Company, Incorporated, bankrupt. From a decree confirming a sale of the leasehold of the bankrupt over the objection of the Samuel Vernon Estate, Incorporated, landlord (265 Fed. 869), the landlord appeals. Affirmed.

Frederick Seymour, of New York City, for appellant.

Moses & Singer, of New York City (Henry B. Singer, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge. The receiver in bankruptcy was authorized to sell all the assets of the bankrupt's estate, including the right, title, and interest in a certain lease, dated August 27, 1919, for a term of three years commencing May 1, 1920.

The lease in question contained the following clause:

"In all other respects, except as specified below, the agreements, covenants, and conditions stated in the lease dated January 20, 1910, between said lessor and Frederick Huhn shall govern the same as if written herein, and shall apply to the whole of said top or seventh floor."

And the lease of January 20, 1910, contained the following provision:

"This lease shall not be assigned nor shall the said premises or any part thereof be let or underlet or used or permitted to be used for any purpose other than mentioned without the written consent of said party of the first part indorsed thereon to each and every assignment or underletting or use or permission to use for any other purpose."

The lease also provided that in case the rent was behind and unpaid or in case of the violation of any of the covenants, conditions, or agreements contained therein on behalf of the party of the second part the lease, at the option of the lessor, should become null and void.

On the same day that the lessor notified the receiver that it terminated the lease it served him with a second notice in which he was informed that the lessor claimed that the lease was not assignable even by operation of law, and directed his attention to the form of the covenant against such assignment. The notice also suggested that the receiver institute some proceeding for the determination of the question thus raised before accepting any bid for the property, or at least that notice be given the bidder of the claim and position of the landlord.

On March 26, 1920, the receiver in bankruptcy was notified that the lessor elected to terminate the lease. The notice stated that:

---

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The basis of this election is the assignment by operation of law or otherwise, whether it has already resulted or shall hereafter result from the proceedings in bankruptcy against the Prudential Lithograph Company, Incorporated, or by any act of the bankrupt or of the receiver or trustee in said proceedings."

The receiver, however, notwithstanding such notice, sold the lease on March 29, 1920.

The receiver, having been elected trustee, elected to accept the lease as an asset of the estate in bankruptcy.

The theory of the receiver and the trustee is that the lease passed by operation of law, and not by the act of the bankrupt nor by sale, and that the sale by the trustee of the bankrupt's interest was not a breach of the covenant for re-entry in case of assignment by the lessee.

Thereupon, and on April 1, a few days after the sale had taken place, but before confirmation, the receiver filed a petition in the bankruptcy court in which he called attention to the landlord's claim and alleged that it was necessary that the court should determine the validity of the lessor's claim and remove the cloud on the title caused thereby. He also asked that the sale of the lease should be confirmed, and authority given to execute the assignment.

The landlord put in an answer and demanded that the petition be dismissed, and that the alleged sale be not confirmed. The District Judge thereupon entered an order adjudging that the claim of the landlord was invalid, and that the lease passed by operation of law to the estate in bankruptcy and confirmed the sale. From that order the landlord has appealed.

The first question to be considered is whether the question sought to be raised can be brought into this court by an appeal, or whether it should have been brought here by petition to revise.

[1] The Bankruptcy Act (Comp. St. §§ 9585–9656) distinguishes between an appeal and a petition to revise, and it distinguishes between proceedings in bankruptcy and controversies arising in bankruptcy proceedings. Proceedings in bankruptcy relate to questions arising between the bankrupt and his creditors. Controversies arising in bankruptcy proceedings are distinct and separable issues raised between intervening parties and involving substantial rights.

[2] The question raised in the court below between the landlord and the trustee is a controversy arising in a bankruptcy proceeding over which this court under section 24 (a) exercises appellate jurisdiction as in other cases. The landlord asserts title to property claimed to be in the possession of the trustee and a distinct and separable issue is raised by intervention. See Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Knapp v. Milwaukee Trust Co., 216 U. S. 553, 30 Sup. Ct. 412, 54 L. Ed. 610. In the Berlin Case the petition was filed by the claimant. In this case it is filed by the trustee acting upon the suggestion of the claimant, who has interposed an answer. We can see no reason for supposing that the intervention of the claimant is any the less effective on that account. The distinct and separable issue is raised in either way, and in whatever way it arises it is a controversy arising in a bankruptcy proceeding, and the decree made therein may be examined on appeal.

[3] This brings us to merits of the appeal. And the sole question that presents itself is as to the legal effect of the clause in the lease which provides that it is not to be assigned which clause has been stated in an earlier part of this opinion.

A question of a very similar nature was before the Circuit Court of Appeals in the Sixth Circuit in Gazlay v. Williams, 147 Fed. 678,. 77 C. C. A. 662, 14 L. R. A. (N. S.) 1199. That lease provided that:

"* * * If said lessee shall assign this lease or underlet said leased premises or any part thereof, or if said lessee's interest therein shall be sold under execution or other legal process without the written consent of said lessors, their heirs or assigns, is first had, or if said lessee or assigns shall fail to keep any of the other covenants of the lease by said lessee to be kept, it shall be lawful for said lessors, their heirs or assigns, into said premises to re-enter and the same to have again, repossess, and enjoy as in their first and former estate, and thereupon this lease and everything contained on the said lessors' behalf to be done and performed shall cease, determine, and be void."

That court held, affirming the District Court, that the transmission of the leasehold from A. to his trustee in bankruptcy was neither a voluntary assignment nor a transfer under execution or other legal process, and did not therefore authorize a forfeiture under the terms of the lease. The case went to the Supreme Court, where it was affirmed in an opinion written by Chief Justice Fuller, 210 U. S. 41, 28 Sup. Ct. 687, 52 L. Ed. 950.

In Weatherall v. Geering, 12 Vesey, Jr., 501, 513, in 1806, the Master of the Rolls said:

"The truth is that the situation in which a lessee restrained from assigning without license is placed is that he can have assigns only of two sorts— either an assign approved by the landlord, or an assign by appointment or designation of law."

In the case of In re Riggs, 1901, 2 K. B. 16, the lease contained a covenant not to assign without license, and it was laid down that a lessee's being adjudicated a bankrupt on his own petition did not operate as a breach of the covenant not to assign.

Numerous cases might be cited of similar import, but we think it quite unnecessary to do so.

In Bemis v. Wilder, 100 Mass. 446, it is said to be—

"well settled that an assignment by operation * * * passes the estate discharged of the covenant to the assignee; and this would seem to be so where the transfer arises from voluntary proceedings in insolvency, as distinguished from proceedings in invitum, and where there is no indication that the proceedings are colorable, merely for the purpose of effecting the transfer in fraud of the lessor."

[4] Covenants against assignment and underletting contained in leases having the force of conditions are not favored by the courts. In Jones on Landlord and Tenant, § 464, it is said:

"Covenants against assignment or underletting are not favorably regarded by the courts, and are liberally construed in favor of the lessees, so as to prevent the restriction from extending any further than is necessary."

In Taylor on Landlord and Tenant (9th Ed.) § 408, it is said:

"An assignment, either by the lessee or his executor, which is not voluntary, but effected by an operation of law, is not a breach of the covenant not to assign as where the assignment is in insolvency, or where the lessee assigns to a railway company which has taken the land by right of eminent domain."

And it is added that—

" * * * If the lessee makes a general assignment for the benefit of creditors, by order of court, it will be valid, and his assignees will not be bound by this covenant, but may dispose of the lease as they please."

[5] A covenant against an assignment of a lease can be so drawn as to provide for a forfeiture by an assignment by operation of law, but there is no such express provision in the lease before the court, and in its absence a court will not infer one.

The order is affirmed