### In re LEVINSON.

### Petition of ROSENBERG.

(District Court, W. D. Washington, N. D. December 15, 1923.)

### No. 6268.

1. **Bankruptcy ⟾139(½)—Leasehold interests of bankrupt pass to his trustee by operation of law.**

The leasehold interest of a bankrupt passes to his trustee by operation of law, and where by the decision of the Supreme Court of a state it was adjudged that a lease, though made to a corporation, was in fact the property of bankrupt, the leasehold interest vested in his trustee, without the necessity of an assignment by the corporation.

---

⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Landlord and tenant ⊜⟹104—Passing of lessee's interest to his trustee in bankruptcy held not to work forfeiture of lease, under covenant against assignment without written consent.**

Under the rules that covenants in a lease against assignment are not favored, and that provisions for forfeiture are strictly construed against lessor, the passing of the interest of a lessee to his trustee in bankruptcy by operation of law *held* not to work a forfeiture of the lease under a covenant against assignment without the written consent of lessor.

In Bankruptcy. In the matter of Joseph Levinson, bankrupt. On report of special master, finding against petition of Ella Rosenberg as to the Curtis Block. Report confirmed.

See, also, 295 Fed. 144.

Ella Rosenberg asserts in her petition that on the 3d day of March, 1916, she, together with her husband, now deceased, entered into a written lease with the Manhattan Investment Company, whereby they leased the "Curtis Block," Seattle, for the term of 10 years and 3 months from the 1st day of March, 1916; that thereafter her husband died, and she succeeded to the entire title to said block; that by the terms of the lease "it is agreed that the tenant shall not assign or sell this lease, or transfer the same, without the written consent of the owners"; that William A. Greene, trustee in bankruptcy, took possession of the property under a decree entered pursuant to direction of the Supreme Court, in which it was adjudged that the leasehold interest of the Manhattan Investment Company was community property, belonging to the above bankrupt and his wife; that the premises had been sublet, and that subsequent to the entry of the decree it was agreed between the petitioner and the trustee that she should take possession of the premises without prejudice to her right to assert that no title could pass to the trustee without the written consent of said petitioner; and that the trustee should collect the rentals and hold them, subject to the order of the court, in order to avoid confusion and trouble with the tenants, until the question was adjudicated. The petitioner prays the decree of this court that the trustee has no interest in said leasehold interest. The petition was referred to a special master, who found that the title to the leasehold estate was vested in the trustee in bankruptcy, and that the petition should be denied. The petitioner seeks review.

Walter B. Allen, of Seattle, Wash., for petitioner.
McClure & McClure, of Seattle, Wash., for trustee.

NETERER, District Judge (after stating the facts as above). [1] The Supreme Court, by its judgment in Greene, Trustee, v. Levinson, 123 Wash. 370, 212 Pac. 569, holds that the leasehold interest was the community property of the bankrupt and his wife, carried in the name of the Manhattan Investment Company, and that the trustee in bankruptcy was vested therewith. I think it is primer law that a leasehold of a bankrupt passes to the trustee by operation of law. Gazlay v. Williams, 210 U. S. 41, 28 Sup. Ct. 687, 52 L. Ed. 950; Prudential Lithograph Co. (D. C.) 265 Fed. 869, affirmed (C. C. A.) 270 Fed. 469, 45 Am. Bankr. Rep. 409; Black on Bkptcy, § 326; Remington Bkptcy, 1220; Zwietusch v. Luehring, 156 Wis. 96, 144 N. W. 257; Farnum v. Hefner, 79 Cal. 575, 21 Pac. 955, 12 Am. St. Rep. 174; In re Bush (D. C.) 126 Fed. 878, 11 Am. Bankr. Rep. 415. The Supreme Court of Washington in Greene v. Levinson, supra, said that this identical leasehold was community property standing in the name of the Manhattan Investment Company. No act of the Manhattan Investment

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Company was necessary to vest the interest of the lease. This was effected by operation of law, and record evidence of interest affected by appointment or designation of law. Bemis v. Wilder, 100 Mass. 446; Gazlay v. Williams, 147 Fed. 678, 77 C. C. A. 662, 14 L. R. A. (N. S.) 1199.

[2] The forfeiture clause of the lease reads:

"It is expressly agreed that if default be made in the payment of rent above reserved or any part thereof, or any of the covenants by the tenant, it shall be lawful for the owners and their lawful representatives at any time thereafter, without notice, to declare said term ended and to re-enter said premises with or without process of law * * * and * * * repossess and enjoy as before this lease."

There is no express penalty fixed by the terms of the lease against assignment thereof, the provision being in the nature of a covenant, and not a conditional limitation of the estate, which would end by determination of the grant, whereas the covenant requires re-entry to terminate the estate. Hague v. Ahrens, 53 Fed. 58, 3 C. C. A. 426. No words of agreement will create a condition. To produce this effect apt terms must be employed. Den v. Post, 25 N. J. Law, 285. No apt words being used for re-entry because of assignment, the phrase "any of the covenants by the tenant," under the rule ejusdem generis, would refer to *default in the payment of rent,* and since covenants against assignment of a lease are not favored (270 Fed. 469, supra), but construed with great jealousy (Riggs v. Purcell et al., 66 N. Y. 193), and the provisions for the forfeiture of a lease being always construed strictly as against the lessor to prevent, rather than aid forfeiture (Camp v. Scott, 47 Conn. 366–375), there appears to be no legal inhibition against this assignment.